**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BADER FAMILY FOUNDATION,  )<br>1236 N. Stafford St., Arlington, VA 22201  )<br>  )<br>Plaintiff,  )<br>  )  Civil Action No. 21-1702<br>v.  )<br>  )<br>UNITED STATES SMALL BUSINESS  )<br>ADMINISTRATION,  )<br>409 3rd St., SW, Washington, DC 20416  )<br>  )<br>Defendant  ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff alleges as follows, against Defendant U.S. Small Business Administration ("SBA"):

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiff seeks to compel production under its May 25, 2021 FOIA request seeking certain emails relating to the constitutionality or unconstitutionality of race and gender preferences in the American Rescue Plan Act, such as its Restaurant Revitalization Fund.

3) These records are central to matters of timely, current political and legal deliberation, of great public interest and policy and legal significance.[1]

---

[1] *See, e.g., Vitolo v. Guzman*,. --- F.3d ---, 2021 WL 2172181, at *4 (6th Cir. May 27, 2021) (issuing TRO against racial and gender preferences in the Restaurant Revitalization Fund); Rebecca Reynolds, *Court rules against using race, sex to allocate federal aid*, Associated Press, May 28, 2021 (https://apnews.com/article/tn-state-wire-race-and-ethnicity-racial-injustice-courts-business-c95f6b6c8819a66d80219cc3fca01e0b); Jonathan Mattise, *Suit challenges restaurant aid priority to women, minorities*, ABC News, May 12, 2021 (https://abcnews.go.com/US/wireStory/suit-challenges-restaurant-aid-priority-women-minorities-77650760); John Kruzel, *Federal judge says Biden restaurant fund discriminated against white*

4) SBA has failed to provide plaintiff with either the records requested, or the determination in response to plaintiff's FOIA request mandated by 5 U.S.C. § 552(a)(6)(A)(i). FOIA requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As the D.C. Circuit explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

5) That deadline passed on June 24, yet SBA still has provided no determination about what records will be produced, nor has it produced any records in response to plaintiff's request. SBA has declined to even provide a tracking number for plaintiff's FOIA request, despite plaintiff's request that it do so, and it has failed to provide any indication that the FOIA request will ultimately be processed.

6) Defendant's failure to provide any such determination, or any indication that it will process the request, leaves plaintiff no choice but to file this lawsuit to compel SBA to comply with the law.

**PARTIES**

7) The Bader Family Foundation (BFF) is a non-profit, tax-exempt 501(c)(3) organization. It seeks to advance the public interest in areas related to the FOIA request in this case. It

---

*male*, The Hill, May 19, 2021 (https://thehill.com/regulation/554361-federal-judge-says-biden-restaurant-fund-discriminated-against-white-male); Mairead McArdle, *Tennessee Restaurant Sues Biden Administration Over White Males 'Pushed To The Back Of The Line' For Pandemic Relief*, Daily Wire, May 13, 2021 (www.dailywire.com/news/tennessee-restaurant-sues-biden-administration-over-white-males-pushed-to-the-back-of-the-line-for-pandemic-relief); McArdle, *Biden's Restaurant Relief Program Excludes White Male Owners*, Daily Wire, May 12, 2021 (www.dailywire.com/news/bidens-restaurant-relief-program-excludes-white-male-owners).

supports non-profits that litigate against racially or sexually discriminatory programs. It also supports non-profits that use freedom of information laws to shed light on the operations of government; supports non-profits that study and publish reports about racially-discriminatory and race-conscious government programs; and supports non-profit media that publicize and write about such programs. BFF also has participated as amicus curiae in litigation involving civil-rights and constitutional issues. Bader Family Foundation trustee Hans Bader has published about subjects related to the requested records,[2] and been quoted in the media about them.[3]

8) United States Small Business Administration is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633, *et seq*. Its headquarters are located at 409 3rd Street, SW, Washington, District of Columbia, 20416.

## JURISDICTION AND VENUE

9) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

---

[2] *See, e.g.,* Hans Bader, *Federal Judges Block Racial Exclusions in Biden's $1.9 Trillion Stimulus Package,* CNS News, June 14, 2021 (https://cnsnews.com/commentary/hans-bader/federal-judges-block-racial-exclusions-bidens-19-trillion-stimulus-package); Bader, *Federal appeals court bars Biden administration from handing out COVID relief based on race*, Liberty Unyielding, May 27, 2021 (https://libertyunyielding.com/2021/05/27/federal-appeals-court-bars-biden-administration-from-handing-out-covid-relief-based-on-race/); Bader, *Lawsuit filed against Biden administration for racial and gender bias in COVID relief*, Liberty Unyielding, May 12, 2021 (https://libertyunyielding.com/2021/05/12/lawsuit-filed-against-biden-administration-for-racial-and-gender-bias-in-covid-relief/).

[3] *See, e.g.*, Mairead McArdle, *Tennessee Restaurant Sues Biden Administration Over White Males 'Pushed To The Back Of The Line' For Pandemic Relief*, The Daily Wire, May 13, 2021 (www.dailywire.com/news/tennessee-restaurant-sues-biden-administration-over-white-males-pushed-to-the-back-of-the-line-for-pandemic-relief); Mairead McArdle, *Biden's Restaurant Relief Program Excludes White Male Owners*, The Daily Wire, May 12, 2021 (www.dailywire.com/news/bidens-restaurant-relief-program-excludes-white-male-owners).

10) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are located in Washington, D.C., and defendant SBA is a federal agency.

## FACTUAL AND STATUTORY BACKGROUND

11) On May 25, 2021, plaintiff submitted the FOIA request described above to SBA.

12) Plaintiff requested the following records:

> 1. Emails in the covered date range about the constitutionality or unconstitutionality of prioritizing the award of grants to female-owned restaurants or to restaurants owned by blacks, Hispanics, or non-whites in any COVID-19 relief legislation or the American Rescue Plan Act, where such emails were sent or received by the SBA's Administrator or general counsel or deputy general counsel, and where such emails were also sent or received by anyone outside the Small Business Administration.
>
> 2. Emails in the covered date range about the constitutionality or unconstitutionality of prioritizing the award of grants from the Restaurant Revitalization Fund in the American Rescue Plan Act, to small business concerns owned and controlled by women, or to socially and economically disadvantaged small business concerns, where such emails were sent to the SBA's Administrator or general counsel or deputy general counsel, and where such emails were also sent or received by anyone outside the Small Business Administration.
>
> 3. Any email in the covered date range sent to or by the SBA Administrator about whether any provision in the American Rescue Plan (including any provision dealing with restaurants) violates constitutional provisions against racial discrimination or violates constitutional equal-protection provisions or complies with constitutional provisions regarding racial discrimination or equal protection.
>
> The "covered date range" begins on February 1, 2021, and ends on the date on which

you process this request, or June 23, 2021, whichever is earlier. (By "process this request," I mean begin to identify or gather responsive records). The term "administrator" in this FOIA request includes any acting administrator.

13) Plaintiff sent the FOIA request by email, to the very email address designated by SBA's web site for submitting FOIA requests, FOIA@sba.gov.[4]

14) The subject line of plaintiff's email transmitting the FOIA request read "FOIA request; Fee Waiver Requested," and the FOIA request contained a request for a fee waiver.

15) In response to plaintiff's email, plaintiff received a reply email from Melinda Jones of SBA on May 25, 2021, with the subject line "Automatic reply: FOIA request; Fee Waiver Requested," indicating that Jones was on leave, and stating that "If you have any FOIA related matters please email FOIA@sba.gov."

16) This email demonstrated that SBA had received plaintiff's FOIA request.

17) But despite receiving the request, SBA did not assign a tracking number to plaintiff's FOIA request or send a letter formally acknowledging receipt of the FOIA request.

18) On May 27, 2021, plaintiff emailed SBA, once again setting forth its FOIA request, noting that it had originally been emailed "to foia@sba.gov on the morning of May 25," and yet, "no tracking number" had been assigned. Plaintiff requested that SBA "assign a tracking number to our FOIA request so that we can track it."

19) SBA did not respond to this email, even though it was sent to the very email address listed in SBA official Melinda Jones' email as the email address to use for "FOIA related matters." SBA did not provide any tracking number to plaintiff to track its FOIA request.

---

[4] The email was sent by Bader Family Foundation trustee Hans Bader on behalf of plaintiff.

20) The deadline for SBA to issue a determination in response to plaintiff's FOIA request was 20 working days after plaintiff's request – that is, no later than June 24, 2021. *See* 5 U.S.C. § 552(a)(6)(A)(i).

21) That deadline came and went without any further response from SBA, or any determination by it about whether to comply with plaintiff's FOIA request.

22) Under FOIA, an agency must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within the statutory deadline of 20 working days. (*CREW v. FEC*, 711 F.3d 180 (D.C. Cir. 2013)).

23) SBA provided no such information to plaintiff.

24) Instead, SBA has improperly withheld agency records.

25) Due to SBA's failure to comply with the statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.[5]

26) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

27) Since SBA did not comply with FOIA's deadlines, it has waived the right to collect any fees for processing plaintiff's FOIA request.

28) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See

---

[5] *See CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2016) (holding that "if an agency does not adhere to certain statutory timelines in responding to a FOIA request, the requester is deemed by statute to have fulfilled the exhaustion requirement").

S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (emphasis added).

29) Moreover, it would be inappropriate to charge any fees for an additional reason: the records sought in plaintiff's FOIA request are of great public interest, and producing them would be of public benefit.

30) Production of the requested records will make them available to the public, providing a public benefit. When agencies produce records to undersigned counsel or his client, he typically posts them on the internet, and includes a hyperlink to them in his blog posts at the Liberty Unyielding blog and other blogs that reproduce his blog posts.[6] Thousands of people read such blog posts, making the records widely available.[7]

## FIRST CLAIM FOR RELIEF
## Duty to Produce Records – Declaratory Judgment

31) Plaintiff re-alleges paragraphs 1-30 as if fully set out herein.

32) Defendant is improperly withholding agency records.

33) The records are urgently needed by an individual engaged in disseminating information in order to inform the public about federal government activity.

34) Plaintiff asks this Court to enter a judgment declaring that:

---

[6] See, e.g., Hans Bader, *Court orders release of records related to claim global warming causes severe winter cold*, Liberty Unyielding, March 18, 2016 (https://libertyunyielding.com/2016/03/18/court-orders-release-of-records-related-to-claim-global-warming-causes-severe-winter-cold).

[7] For example, Liberty Unyielding has thousands of readers. Between December 2020 and May 2021, it had between 90,000 and 290,000 readers monthly, according to Similarweb. See https://www.similarweb.com/website/libertyunyielding.com.

      a.     Plaintiff is entitled to the records described in its FOIA request, and any attachments thereto;

      b.     SBA's processing of plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy SBA's obligations under FOIA;

      c.     SBA has a duty to produce the records responsive to plaintiff's FOIA request;

      d.     SBA has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

35) Plaintiff re-alleges paragraphs 1-34 as if fully set out herein.

36) Plaintiff is entitled to injunctive relief compelling SBA to produce the records described in plaintiff's FOIA request, without charging any fees.

37) Plaintiff asks the Court to issue an injunction ordering SBA to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA request described above, and any attachments thereto.

38) Plaintiff asks the Court to order defendant to serve and file a *Vaughn* Index for any records it seeks to withhold as purportedly exempt from disclosure, within 10 business days of the date of the order.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

39) Plaintiff re-allege paragraphs 1-38 as if fully set out herein.

40) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

41) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 25th day of June, 2021,

    /s/ Hans F. Bader
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1100 Conn. Ave., NW, #625
Washington, DC 20036
(703) 399-6738

*Attorney for Plaintiff*